**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALVIN EDWARD PARKER, JR., Trustee  )<br>of the ALVIN EDWARD PARKER, SR.   )<br>and LOYCE JUANITA PARKER TRUST, )<br>                                                                     )<br>               Plaintiff                                        )<br>vs.                                                                  )<br>                                                                     )<br>LINDA SUE JONES,                                   )<br>                                                                     )<br>               Defendant.                                   ) | NO. CIV-09-0940-HE |

## ORDER

This case arises from unusual and unfortunate circumstances. It stems from a long-running dispute between some or all of the children of Loyce Juanita Parker as to who should have responsibility for her care and her property.[1] The removal of Ms. Parker from Oklahoma to Texas, then from Texas to Oklahoma, and finally back to Texas gave rise to competing legal proceedings in both states. One of Ms. Parker's daughters, Linda Sue Jones (the defendant here), commenced guardianship proceedings in Texas based on what was apparently the mother's temporary residence there. Ms. Parker's son, Alfred E. Parker Jr., at some point moved Ms. Parker back to Oklahoma and then commenced guardianship proceedings in Oklahoma. At some point, Ms. Jones is alleged to have then moved Ms. Parker back to Texas, where she apparently still resides with Ms. Jones. Both the Texas and Oklahoma guardianship proceedings moved forward separately, with each court generally entering orders favorable to the forum resident who was the plaintiff in the particular case.

---

[1] *It appears to be undisputed that Ms. Parker's medical or mental condition is, and has been for some time, such that the appointment of a guardian is appropriate.*

Ms. Jones was ultimately appointed guardian in the Texas proceeding and Mr. Parker was appointed in the Oklahoma proceeding. Both sets of legal proceedings were reviewed by the intermediate appellate courts of the respective states, resulting in affirmance of the decisions below. In re Parker, 275 S.W.3d 623 (Tex.App. 2008); In re Guardianship of Parker, 189 P.3d 730 (Okla.Civ.App. 2008 ).[2] The Oklahoma decision concluded that the judgment of the Texas courts appointing Jones as guardian was not entitled to full faith and credit. In proceedings subsequent to the Texas Court of Appeals decision, the Texas district court concluded the contrary Oklahoma decision was not subject to full faith and credit there. In re Parker, No. 24,438 (Dist. Court, Wilbarger County) (Order Vacating Foreign Judgment, May 6, 2009). Against that backdrop, this case was filed.

Mr. Parker, in his capacity as Trustee of the Alvin Edward Parker, Sr. and Loyce Juanita Parker Trust, filed this case in Oklahoma state court against Ms. Jones. She removed the case to this court.[3] The trust was created in 1991 by the parents of the plaintiff and defendant (Loyce Juanita Parker and Mr. Parker, Sr., now deceased), to hold legal title to their property and to provide a vehicle for management of that property in the event either of them became incompetent or if the father (Mr. Parker, Sr.) resigned.[4] The plaintiff is the

---

[2]*The decision was approved for publication by the Oklahoma Supreme Court. See 20 Okla. Stat. § 30.5; Rule 1.200(d), Oklahoma Supreme Court Rules, 12 Okla. Stat. ch. 15. app. 1.*

[3]*Plaintiff does not object to the removal.*

[4]*Mr. Parker, Sr. was the original trustee of the trust. See Trust Agreement and Agreement for Successor Trustee, dated March 30, 1981, attached as part of Exhibit A to the notice of removal [Doc. #1].*

current trustee of the trust and the defendant is a designated successor trustee.

In his petition, Mr. Parker alleges his sister breached the trust agreement by instituting frivolous legal actions designed to interfere with his "right and duty to select Mother's place of abode" and to care for her pursuant to the trust, by removing their mother to Texas, and by refusing to allow their mother to return to Oklahoma. He seeks recovery of the attorney's fees he has incurred in the various proceedings. Plaintiff's petition also seeks an order directing Ms. Jones to return their mother to his custody as her guardian.

Defendant has moved to dismiss, arguing, among other things,[5] that this court lacks both in personam and subject matter jurisdiction over her and that plaintiff's petition fails to state a claim.[6] She also asserts that there is another action pending involving the same parties and subject matter that predated this lawsuit.[7]

The court concludes the parties have shown sufficient contacts with Oklahoma by Ms. Jones to be a basis for jurisdiction here. It appears that, early in the dispute, Ms. Jones came into Oklahoma to retrieve her mother. That action is part of the factual basis for plaintiff's

---

[5]*The defendant originally contended that she had not been properly served. However, in her reply brief she did not dispute the evidence of service that the plaintiff attached to his response brief. Therefore, the court finds the defendant has conceded the service issue.*

[6]*Although there is a subject matter jurisdiction issue here, it is not that identified by defendant. What defendant describes as a challenge to the subject matter jurisdiction of the court appears to be nothing more than a challenge to the substantive merit of plaintiff's claim.*

[7]*Because it has concluded the action should be dismissed on other grounds, the court has not considered the defendant's other action pending argument. The court notes, though, that while those cases might have significance for purposes of the doctrines of issue and claim preclusion, they have been concluded and are no longer parallel proceedings.*

claimed breach of the trust agreement. Ms. Jones has participated in litigation in Oklahoma related to the overall dispute and has also agreed to be designated as a successor trustee to the trust that is involved here, involving Oklahoma assets and formed under Oklahoma law. In these circumstances, the court concludes a sufficient showing of minimum contacts with Oklahoma has been made to be the basis for exercise of jurisdiction and that it does not "offend traditional conceptions of fair play and substantial justice" for defendant to be haled into court in Oklahoma. *See generally* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Int'l. Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

The court also concludes, however, that this court lacks jurisdiction to revisit the issue of who is Ms. Parker's legal guardian or to compel some result as to the presence of Ms. Parker herself. Insofar as plaintiff asserts a claim for breach of contract (i.e. the trust agreement), his petition fails to state a claim. The case must therefore be dismissed.

With respect to the petition's request for an order directing the return of Ms. Parker to her son, in his capacity as her guardian per appointment in the Oklahoma proceedings, this court is deprived of subject matter jurisdiction over the dispute by reason of the Rooker-Feldman doctrine. That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Segler v. Felfam Ltd. Partnership, 324 Fed. Appx. 742, 743 (10th Cir. 2009) (unpublished) (quoting Mann v. Boatright, 477 F.3d 1140, 1145 (10th Cir.2007)). That there are arguably two "state-court losers" here, depending on which of the two competing sets of legal proceedings are relied

on, is unusual but of no jurisdictional significance that the court can discern.[8]

To the extent the plaintiff is asserting an independent claim for monetary relief based on the defendant's alleged breach of the trust agreement, the court finds he has failed to pleaded a legally cognizable claim.[9] Fed.R.Civ.P. 12(b)(6). "[T]he [petition] does not contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007) (internal quotations omitted). Plaintiff's claim is that Ms. Jones violated the trust agreement by the various actions alleged. However, he points to no provisions of that agreement — and the court can find none — which explicitly or implicitly constitute an agreement by Ms. Jones that she will not litigate over guardianships or that she will not do any of the other things which are alleged. In particular, there is nothing in the trust agreement which even touches on the subject of what happens if Ms. Parker needs a guardian or where Ms. Parker will live in that event, nor is there any agreement by Ms. Jones as to that subject matter. The trust involved here was created to

---

[8]*Technically, the plaintiff here — Mr. Parker Jr. in his capacity as trustee of the Parker trust — appears not to have been a party to any of the state proceedings. As a substantive matter, it is also unclear how plaintiff, suing here in that capacity, would be entitled to assert rights he possessed, or claimed to possess, as the guardian of his mother's estate — a different status and capacity.*

[9]*When considering whether the plaintiff's claims should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." Id. (Internal quotations omitted). "'[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.2007)).*

hold and manage the property of the Parkers. While the trustee is authorized to expend trust assets in support of Ms. Parker,[10] there is nothing in the trust document which grants plaintiff, as trustee, the "right and duty to select Mother's place of abode," as alleged in the petition, or which requires a potential successor trustee, such as Ms. Jones, to accede to the current trustee's wishes as to control over Ms. Parker's person. In short, there is nothing about the alleged conduct of Ms. Jones, regardless of whether it is otherwise proper or authorized, that is a violation of the trust agreement.

It is regrettable that this overall dispute has developed as it has, with competing and inconsistent determinations from the courts of two different states. That circumstance appears to have resulted from the insistence of both parties on pursuing their legal positions in their own preferred jurisdiction rather than fully litigating all issues in a single forum. However, regardless of the cause of this legal gridlock, it is clear this court lacks the authority to resolve it insofar as the circumstances hinge on the guardianship determinations. Further, no basis for a claim appears based on an alleged violation of the trust agreement. Accordingly, the defendant's motion [Doc. #1-4] is **GRANTED** and this action is **DISMISSED**.[11]

---

[10]*That Ms. Jones has been appointed, in the Texas proceeding, as the guardian of Ms. Parker's person and estate does not necessarily impact plaintiff's status or authority as trustee of the Parker trust. Even giving full effect to that appointment (and assuming it extended to property outside Texas), Ms. Parker's "estate" would extend only to her beneficial interest in the trust, not control of the trust itself.*

[11]*The dismissal moots the plaintiff's motion to join indispensable and necessary parties [Doc. #10].*

**IT IS SO ORDERED**.

Dated this 2nd day of November, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE